David Ben-Meir (SBN 192028)
David@benmeirlaw.com
BEN-MEIR LAW GROUP
3818 Sherview Dr.
Sherman Oaks, California 91403-5033
Tel: 818-903-0007
Fax: 818-788-1449

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| TATEVIK BALYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMB Media LLC dba Legacybox,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tatevik Balyan ("Plaintiff"), on behalf of herself and all others similarly situated, hereby alleges the following at all times relevant to this complaint.

## I. INTRODUCTION

1. This action is brought against Defendant AMB Media LLC dba Legacybox ("Legacybox" or "Defendant") for deceptive drip pricing in connection with Defendant's sale of digitization products and services on https://www.legacybox.com/ (the "Website"). Defendant offers to convert VHS tapes, photographs, film reels, audio recordings, and other analog media into digital copies.

2. Defendant prominently advertises and displays upfront prices for its digitization services. A reasonable consumer understands those prices to state the amount the consumer must pay to obtain the advertised service, apart from government-imposed taxes and permitted shipping charges.

3. The advertised prices are not the prices consumers are required to pay. After a consumer selects a digitization package and proceeds through the purchase process, Defendant adds a mandatory digital storage fee (the "Storage Fee") that was not included in the upfront price displayed for the digitization service. Consumers cannot obtain the advertised digital conversion service for the displayed price without incurring the Storage Fee and Shipping Protection Fee.

4. The Storage Fee is not a tax or fee imposed by a government. It is not postage or a carriage charge reasonably and actually incurred to ship a physical good to the consumer. It is a charge imposed by Defendant for the digital storage and delivery that accompanies Defendant's conversion service.

5. Defendant also defaults consumers into selecting an additional Shipping Protection Fee that is not a tax or fee imposed by a government or postage or a carriage charge reasonably incurred to ship a physical good to the consumer.

6. California law prohibits this practice. Since July 1, 2024, the Consumer

Legal Remedies Act has made it unlawful to advertise, display, or offer a price for a consumer good or service that does not include all mandatory fees or charges, subject only to limited exceptions that do not apply here. Cal. Civ. Code § 1770(a)(29). A later disclosure or itemization of a required fee does not make an earlier incomplete price an all-in price.

7. Defendant's drip-pricing scheme obscures the true cost of its services, prevents consumers from making accurate price comparisons, and induces consumers to invest time and effort in the transaction before learning the true price. Defendant thereby causes consumers to purchase services they otherwise would not have purchased or to pay more than they otherwise would have paid.

8. By this action, Plaintiff seeks to end Defendant's unlawful pricing practices and to recover damages and restitution on behalf of California consumers who purchased Defendant's digitization services after being shown an upfront price that excluded the mandatory Storage Fee.

## II. PARTIES

9. Plaintiff Tatevik Balyan is a citizen of the State of California and resides in Tarzana, California.

10. On information and belief, Defendant AMB Media LLC is a limited liability company organized under the laws of the State of Tennessee, with its principal place of business at 1110 Market St., Suite 316A, Chattanooga, Tennessee 37402-2253. Defendant does business under the name Legacybox and through the Website.

## III. JURISDICTION AND VENUE

11. This Court has jurisdiction under the Class Action Fairness Act of 2005. Under 28 U.S.C. § 1332(d)(2), the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs, the proposed class includes at least 100 members, and at least one proposed class member is a citizen of a state different from

Defendant.

12. This Court has personal jurisdiction over Defendant because Defendant purposefully directs its commercial activities to California, including this District. Defendant advertises to California consumers, accepts orders from California consumers, ships Legacybox kits to California, provides digitization services to California residents, and collects the challenged Storage Fee from California consumers.

13. Plaintiff's claims arise from Defendant's California-directed conduct, including the challenged Website price displays and Defendant's sales of digitization services to California consumers. Defendant is therefore subject to specific personal jurisdiction in California.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), (c)(2), and (d) because Defendant is subject to personal jurisdiction in this District and is deemed to reside here for venue purposes. Defendant regularly transacts business with consumers in this District through the Website and has purposefully directed the challenged pricing practices into this District.

## IV. APPLICABLE LAW

15. Plaintiff is a citizen and resident of California. She accessed the Website and ordered Defendant's digitization products and services from California.

16. California's substantive laws may constitutionally be applied to Plaintiff's claims under the Due Process Clause and the Full Faith and Credit Clause of the United States Constitution. California has significant contacts with the claims asserted by Plaintiff, creating state interests that ensure the application of California law is neither arbitrary nor unfair.

17. California has a strong interest in regulating prices advertised and offered to its residents. Defendant directed the challenged conduct to California consumers and completed the challenged transactions with California consumers.

18. The application of California law is also appropriate under California's choice-of-law rules because California has significant contacts with Plaintiff's claims and a greater interest in applying its consumer-protection laws to the California Class than any other state.

## V. GENERAL ALLEGATIONS

### a. Defendant's drip-pricing scheme

19. Defendant is an online seller of digitization services. Consumers send Defendant videotapes, photographs, film reels, audio recordings, and other analog media, and Defendant converts that media into digital files.

20. The Website markets several packages based on the number of items to be digitized. The Website prominently displays a specific upfront price for each package and pairs that price with a description of the quantity of media Defendant will convert.

21. Nothing at or near the prominently displayed package price states that the price excludes a mandatory Storage Fee. The upfront display also does not state the total amount a consumer must pay to obtain the advertised digitization service.

22. Representative Website price displays are shown below. The displays identify prices for the Starter, Family, Closet, and Trunk digitization packages. Neither display includes the mandatory Storage Fee in the stated upfront prices for consumers to actually receive the benefit of the digitization services for which they are paying.

23. Below is an example of the initial prices displayed to consumers on Defendant's Website that do not include the mandatory Storage Fee:




*Captured March 21, 2026 by web.archive.org*

24. After consumers respond to the advertised prices and proceed through Defendant's purchase flow, Defendant discloses or adds the Storage Fee. The consumer must incur that fee to receive the digital conversion service Defendant advertised at the lower upfront price.

25. The Storage Fee ranges from $4.99 for a thumb drive or disc set to $5.99 for 30-day access to stream and download.

26. The Storage Fee is mandatory because it is imposed as part of Defendant's ordinary digital conversion transaction. A consumer cannot decline the Storage Fee and still purchase the digital conversion service at the price displayed on the Website.

27. If a user attempts to decline any of the Storage Fee options, an error message is displayed:




28. Defendant controls the amount and structure of the Storage Fee. Defendant therefore knows, before displaying a price, that the consumer will have to pay more than the displayed price to complete the advertised transaction.

29. The later appearance or itemization of the Storage Fee does not cure the

original incomplete price display. The statute regulates each act of advertising, displaying, or offering a price and requires that displayed price to include mandatory charges.

30. On information and belief, Defendant has used materially uniform Website templates and a materially uniform purchase flow throughout the Class Period. The omission of the Storage Fee from the upfront price appears across Defendant's package sizes and is part of a centralized pricing policy.

31. Defendant possesses and controls the Website records, order records, pricing rules, and transaction data showing the prices displayed to consumers, the point at which the Storage Fee was disclosed or added, and the amount of each Storage Fee collected.

**b. Defendant's price displays are unlawful**

32. Effective July 1, 2024, California Civil Code section 1770(a)(29) makes it unlawful to advertise, display, or offer a price for a consumer good or service that does not include all mandatory fees or charges, other than government-imposed taxes or fees and qualifying postage or carriage charges.

33. The Legislature enacted section 1770(a)(29) to prohibit drip pricing, which involves advertising a price lower than the actual price a consumer must pay. Stats. 2023, ch. 400, § 1(a). The law regulates how prices are advertised, displayed, and offered. Id. § 1(c).

34. Defendant's Storage Fee falls within no statutory exception. The fee is imposed by Defendant, not a government, and it concerns digital storage rather than the actual cost of shipping a physical good to the consumer.

35. California's False Advertising Law ("FAL") prohibits a business from disseminating a price statement that is untrue or misleading when the business knew or should have known the statement was untrue or misleading. Cal. Bus. & Prof. Code § 17500.

36. A prominently displayed price that omits an unavoidable fee is untrue or misleading because it represents only part of the amount the consumer must pay. Defendant knows or should have known the representation is incomplete because Defendant created the pricing structure and collects the omitted fee.

37. California's Unfair Competition Law ("UCL") prohibits any unlawful, unfair, or fraudulent business act or practice and any unfair, deceptive, untrue, or misleading advertising. Cal. Bus. & Prof. Code § 17200. Defendant's incomplete price displays violate each prong of that statute.

**c. Defendant's pricing practices harm consumers**

38. Reasonable consumers understand a specifically advertised price to be the total mandatory price of the advertised service, apart from taxes and any permitted shipping charges. They do not expect a seller to add an unavoidable business charge later in the purchase flow.

39. The total price of digitization is material to a reasonable consumer. Consumers use upfront prices to compare service providers, choose a package, decide whether to begin the transaction, and determine whether a service fits their budget.

40. By withholding the Storage Fee until later in the transaction, Defendant causes consumers to begin and continue purchases based on an artificially low price. The time and effort already invested in selecting a package and proceeding through the purchase flow makes consumers less likely to abandon the transaction when the fee appears.

41. Plaintiff and Class members were injured because they paid the Storage Fee, paid more than the price Defendant initially advertised, and lost money they would not have spent had Defendant displayed an honest all-in price from the outset.

42. Defendant also obtained a competitive advantage over businesses that advertise true all-in prices. Defendant's artificially low upfront prices distort consumers' price comparisons and divert purchases to Defendant.

**d. Plaintiff's purchase from the Website**

43. On or about April 6, 2026, Plaintiff visited the Website from California to purchase a Legacybox digitization service. Plaintiff completed Order No. L2065501 that included a $5.99 Storage Fee:




| | |
|---|---|
| Legacybox<br>up to 2 Items | ~~$69.98~~$34.99 |
| Digital Download - 2 Items | $5.99 |
| Legacybox Cloud - Monthly | FREE |
| Standard Digitizing<br>4-6 weeks | FREE |
| Shipping Protection | $9.95 |
| Subtotal | ~~$85.92~~$50.93 |
| Shipping | $12.95 |
| Taxes | $4.96 |
| Total | ~~$103.83~~$68.84 |

44. Before selecting and purchasing the service, Plaintiff saw and read the upfront package price displayed on the Website. That price did not include or disclose the mandatory Storage Fee and did not state the total mandatory price Plaintiff would have to pay.

45. Plaintiff reasonably understood the displayed price to be the amount required for the advertised digitization service, apart from any government-imposed taxes and permitted shipping charges. The displayed price was material to her purchase decision.

46. After Plaintiff selected the service and proceeded through Defendant's purchase flow, Defendant disclosed or added the Storage Fee. Plaintiff could not complete the purchase of the advertised digital conversion service for the upfront price without incurring that fee.

47. Plaintiff paid the Storage Fee. She therefore paid more than the upfront

price Defendant advertised for the digitization service.

48. Plaintiff would not have purchased the service, or would not have paid as much as she did, had Defendant disclosed the true all-in price in the upfront price display. Defendant's incomplete price representation was a substantial factor in causing Plaintiff's economic injury.

49. Plaintiff is entitled to recover the Storage Fee and any additional amount she paid because of Defendant's incomplete price display, together with any other damages or restitution proven at trial.

50. Plaintiff faces an imminent threat of future harm. Plaintiff remains interested in digitization services and would consider purchasing from Defendant again if she could rely on Defendant's displayed prices as honest all-in prices. Without an injunction, Plaintiff cannot know from the upfront price whether Defendant will require additional fees later in the transaction.

51. Plaintiff seeks legal and equitable remedies in the alternative. Her legal remedies are not adequate to address the threatened future harm because damages cannot require Defendant to correct its future price displays. Only injunctive relief can prevent that harm.

52. Plaintiff also lacks an adequate legal remedy for the restitutionary relief sought under the UCL and FAL. The elements and available relief under those statutes differ from Plaintiff's legal claims, and the availability and measure of legal damages are not as certain as the return of money Defendant acquired through the challenged practice.

## VI. CLASS ACTION ALLEGATIONS

53. Plaintiff brings this action individually and as a representative of all similarly situated persons under Federal Rule of Civil Procedure 23. Plaintiff seeks to represent the following class:

> **California Class:** All persons who, while in the State of California, from July 1, 2024 through the present (the "Class Period"), purchased

one or more digitization products or services from Defendant's Website.

54. The following persons are excluded from the proposed Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families, (2) Defendant and its subsidiaries, parents, successors, predecessors, and current employees, officers, and directors, (3) persons who timely and properly request exclusion, (4) persons whose claims have been finally adjudicated or released, (5) counsel for the parties and their experts and consultants, and (6) the legal representatives, successors, and assigns of excluded persons.

55. Plaintiff reserves the right to amend the Class definition based on information obtained in discovery or changed circumstances.

56. **Numerosity.** The Class is so numerous that joinder is impracticable. The exact number and identities of Class members are within Defendant's control and can be determined from Defendant's records. On information and belief, the Class includes tens, hundreds, or thousands of California consumers.

57. **Typicality.** Plaintiff's claims are typical of the claims of the Class because she viewed an upfront Website price that excluded the mandatory Storage Fee, purchased a digitization service, incurred the omitted fee, and suffered the same type of economic injury as other Class members.

58. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the Class. Her interests do not conflict with the interests of other Class members. Plaintiff has retained counsel experienced in complex litigation and class actions, and Plaintiff and her counsel intend to prosecute this action vigorously.

59. Commonality and Predominance. Common questions of law and fact exist and predominate over questions affecting only individual Class members. Those questions include:

(a) Whether Defendant advertised, displayed, or offered upfront prices for digitization services that excluded the Storage Fee.

(b) Whether the Storage Fee was mandatory for consumers who purchased Defendant's digitization services.

(c) Whether the Storage Fee falls outside the statutory exceptions for government-imposed charges and qualifying postage or carriage charges.

(d) Whether Defendant used materially uniform Website price displays and purchase flows during the Class Period.

(e) Whether Defendant's conduct violated California Civil Code section 1770(a)(29).

(f) Whether Defendant's price displays were untrue or misleading under the False Advertising Law.

(g) Whether Defendant's conduct was unlawful, unfair, or fraudulent under the Unfair Competition Law.

(h) Whether Defendant knew that consumers could not obtain the advertised services for the displayed prices.

(i) Whether the omitted Storage Fee was material to reasonable consumers.

(j) Whether Plaintiff and Class members are entitled to damages, restitution, or other monetary relief.

(k) Whether injunctive relief is appropriate to require Defendant to display honest all-in prices.

60. **Superiority.** A class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Individual claims are economically small compared with the burden and expense of separate litigation. Separate actions would risk inconsistent results and duplicate the same evidence concerning Defendant's centralized Website design, pricing rules, purchase flow, and fee records. Class treatment will conserve the resources of the parties and the Court.

61. **Ascertainability.** Defendant maintains electronic records identifying purchasers, billing and shipping addresses, displayed package prices, Storage Fees, transactions, and customer contact information. Those records provide an administratively feasible means of identifying Class members and disseminating notice.

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Violation of California's False Advertising Law, Bus. & Prof. Code § 17500 et seq.**

**(By Plaintiff Against Defendant on Behalf of the California Class)**

62. Plaintiff incorporates each factual allegation set forth above.

63. Plaintiff brings this claim on behalf of herself and the California Class.

64. California Business and Professions Code section 17500 prohibits the dissemination of any statement concerning property or services that is untrue or misleading when the person making the statement knew or, through the exercise of reasonable care, should have known it was untrue or misleading.

65. Defendant disseminated price advertisements on the Website that stated specific upfront prices for digitization services but omitted the mandatory Storage Fee. In context, the displayed price represented that consumers could obtain the advertised service for that amount, apart from taxes and any permitted shipping charge.

66. The price representations were untrue or misleading because consumers could not obtain the advertised digitization services for the displayed prices. Consumers were required to incur the additional Storage Fee.

67. Defendant knew or should have known that its upfront prices were incomplete because Defendant created the Website displays, established the Storage Fee, controlled the purchase flow, and collected the omitted fee.

68. The omitted fee was material. A reasonable consumer would consider the total mandatory price important when comparing providers and deciding whether to purchase a digitization service.

69. Plaintiff saw, read, and reasonably relied on Defendant's incomplete price display. The display was a substantial factor in her decision to purchase and pay the Storage Fee. Reliance may also be inferred for the Class because the price representation was material and presented through materially uniform Website displays.

70. Plaintiff and Class members lost money as a direct result of Defendant's conduct. They paid the Storage Fee and paid more than they otherwise would have paid.

71. Plaintiff seeks all relief available under the False Advertising Law, including restitution of the Storage Fee and other money acquired through Defendant's unlawful conduct, and an injunction requiring Defendant to include all mandatory charges in each advertised or displayed price.

## SECOND CLAIM FOR RELIEF

**Violation of California's Consumer Legal Remedies Act**

**(By Plaintiff Against Defendant on Behalf of the California Class)**

72. Plaintiff incorporates each factual allegation set forth above.

73. Plaintiff brings this claim on behalf of herself and the California Class. Plaintiff and Class members are consumers who purchased goods or services for personal, family, or household purposes.

74. California Civil Code section 1770(a)(29) makes it unlawful to advertise, display, or offer a price for a good or service that does not include all mandatory fees or charges, other than the limited statutory exceptions.

75. Defendant violated and continues to violate section 1770(a)(29) by advertising, displaying, and offering upfront prices for digitization services that exclude the mandatory Storage Fee.

76. The Storage Fee is not imposed by a government and is not postage or a carriage charge reasonably and actually incurred to ship a physical good to the consumer. No statutory exception applies.

77. Disclosure or itemization of the Storage Fee later in the purchase flow does not cure Defendant's violation because the upfront price itself must include all mandatory charges.

78. Defendant's incomplete prices were likely to deceive reasonable consumers. Plaintiff saw and reasonably relied on the incomplete price and would not have purchased the service, or would have paid less, had Defendant displayed the true all-in price.

79. Plaintiff and Class members suffered damage because they incurred the Storage Fee and paid more than the upfront price Defendant advertised.

80. Under California Civil Code section 1780(a)(2), Plaintiff presently seeks injunctive relief on behalf of herself and the Class. Plaintiff also seeks reasonable attorneys' fees and costs under section 1780(e). Plaintiff reserves the right to amend this claim to seek damages after satisfying the requirements of section 1782.

## THIRD CLAIM FOR RELIEF

**Violation of California's Unfair Competition Law**

**(By Plaintiff Against Defendant on Behalf of the California Class)**

81. Plaintiff incorporates each factual allegation set forth above.

82. Plaintiff brings this claim on behalf of herself and the California Class.

83. Defendant violated California's Unfair Competition Law by engaging in unlawful, fraudulent, and unfair business acts and practices.

***The Unlawful Prong***

84. Defendant engaged in unlawful conduct by violating the Consumer Legal Remedies Act and the False Advertising Law, as alleged above and incorporated here. Each violation independently supports liability under the UCL's unlawful prong.

***The Fraudulent Prong***

85. Defendant's upfront price displays were likely to deceive reasonable consumers because they omitted a mandatory fee and represented a price lower than the amount consumers were required to pay.

86. Plaintiff reasonably relied on Defendant's incomplete price display and suffered economic injury by paying the Storage Fee and more than she otherwise would have paid.

***The Unfair Prong***

87. Defendant's conduct is unfair because it is tethered to the Legislature's express policy against drip pricing embodied in California Civil Code section 1770(a)(29).

88. The harm to consumers substantially outweighs any utility of Defendant's conduct. Defendant can readily include the Storage Fee in the displayed price and may subsequently itemize that charge. There is no legitimate utility in displaying a price lower than the amount consumers must pay.

89. Plaintiff and Class members could not reasonably avoid the injury. The Storage Fee was omitted from the initial price, Defendant possessed exclusive knowledge of the fee and its amount, and consumers learned the true price only after proceeding through Defendant's purchase flow.

* * *

90. For all three prongs, Defendant's incomplete price displays were a substantial factor in causing Plaintiff and Class members to purchase Defendant's services and pay the Storage Fee.

91. Plaintiff seeks restitution of the Storage Fee and other money Defendant acquired from Plaintiff and Class members through the challenged practice, together with an injunction requiring Defendant to display all-in prices that include every mandatory fee or charge.

**FOURTH CLAIM FOR RELIEF**

**Quasi-Contract and Unjust Enrichment**

**(By Plaintiff Against Defendant on Behalf of the California Class)**

92. Plaintiff incorporates the factual allegations above. Plaintiff brings this claim in the alternative to any claim based on an enforceable contract.

93. Plaintiff brings this claim on behalf of herself and the California Class under California law.

94. Defendant obtained a direct benefit from Plaintiff and Class members by collecting the Storage Fee after inducing their purchases with upfront prices that omitted that mandatory charge.

95. It would be unjust for Defendant to retain the Storage Fees and other revenue obtained through its incomplete price displays. Defendant knew the advertised price excluded the mandatory fee, while Plaintiff and Class members reasonably believed the displayed price stated the mandatory cost of the advertised service.

96. Plaintiff and the Class seek restitution of the Storage Fee and other money Defendant unjustly obtained, and rescission to the extent appropriate.

**FIFTH CLAIM FOR RELIEF**

**Intentional Misrepresentation and Fraudulent Concealment**

**(By Plaintiff Against Defendant on Behalf of the California Class)**

97. Plaintiff incorporates each factual allegation set forth above.

98. Plaintiff brings this claim on behalf of herself and the California Class.

99. On April 6, 2026, and throughout the Class Period, Defendant displayed specific upfront prices for digitization services on the Website. In context, those price statements represented that consumers could purchase the described services for the displayed amounts, apart from taxes and any permitted shipping charges.

100. Those representations were false or misleading because Defendant required consumers to incur the additional Storage Fee. Defendant also concealed the mandatory Storage Fee from the upfront price display.

101. Defendant had a duty to disclose the Storage Fee in the upfront price because Defendant made a partial representation about the price that was misleading without disclosure of the omitted mandatory charge. Defendant also had exclusive knowledge of the fee, its amount, and the point at which it would be imposed, and Defendant actively concealed the fee by withholding it from the prominent price display.

102. Defendant knew its upfront price was incomplete when it made the representation. Defendant created the Website display, established the Storage Fee, programmed or controlled the purchase flow, and collected the omitted fee from consumers.

103. Defendant intended consumers to rely on the lower upfront price, begin the purchase process, and complete the transaction after the Storage Fee appeared.

104. Plaintiff saw, read, and reasonably relied on the upfront price displayed on the Website before completing her order. She reasonably understood that price to state the mandatory cost of the advertised digitization service.

105. Plaintiff's reliance was a substantial factor in causing her injury. Plaintiff paid the Storage Fee, paid more than the advertised price, and would not have purchased the service, or would have paid less, had Defendant truthfully displayed the all-in price.

106. Defendant acted with fraud, oppression, or malice by deliberately using incomplete prices to obtain consumers' money. Plaintiff therefore seeks compensatory and punitive damages in an amount to be proven at trial.

## VIII. PRAYER FOR RELIEF

107. WHEREFORE, Plaintiff prays for judgment against Defendant on behalf of herself and all others similarly situated as follows:

A. An order certifying the asserted claims or issues as a class action.

B. An order appointing Plaintiff as Class representative and her counsel as Class counsel.

C. A judgment in favor of Plaintiff and the California Class.

D. Compensatory and punitive damages where available, excluding damages under the CLRA at this time.

E. Restitution, including return of the mandatory Storage Fees collected through the challenged practice.

F. Rescission where appropriate.

G. An injunction prohibiting Defendant from advertising, displaying, or offering a price that excludes any mandatory fee or charge, as allowed by law.

H. Prejudgment and post-judgment interest.

I. Reasonable attorneys' fees and costs as allowed by law.

J. Any additional relief that the Court deems reasonable and just.

Dated: August 27, 2026

BEN-MEIR LAW GROUP

By: /s/ David Ben-Meir
David Ben-Meir

Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a trial by jury on all triable issues.

Dated: August 27, 2026

BEN-MEIR LAW GROUP

By: /s/ David Ben-Meir
David Ben-Meir

Attorneys for Plaintiff